IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH D. JAMES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1086 |
| | § | |
| CRATE & BARREL, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Ralph D. James ("Plaintiff") Motion to Modify the Docket Control Order ("Motion to Modify") [Doc. # 25], to which Defendant Euromarket Designs, Inc., d/b/a Crate & Barrel, Inc. ("Defendant") filed a Response [Doc. # 27].  Plaintiff filed a "Reply to Defendant's Opposition to the Motion to Modify and Motion to Correct the Docket Control Order" ("Reply") [Doc. # 28]. After reviewing the parties' briefing, all matters of record, and the relevant legal authorities, the Court **grants** Plaintiff's Motion to Modify to the limited extent explained herein.

## I.    BACKGROUND

On April 21, 2014, Plaintiff filed this lawsuit alleging gender and age

discrimination and wrongful termination in violation of Title VII and the Age

Discrimination in Employment Act ("ADEA").   Plaintiff's Original Complaint

("Complaint") [Doc. # 1].   At the initial pretrial conference, on July 14, 2014, the

Court entered an agreed docket control order setting the discovery deadline for

January 26, 2015.  *See* Hearing Minutes and Order [Doc. # 12]; Docket Control Order

[Doc. # 13].[1]

Very little happened in this case until January 2015.  Defendant timely provided

initial disclosures on July 28, 2014.  *See* Defendant's Rule 26(a)(1) Initial Disclosures

[Doc. # 27-1], at ECF pages 5-15.  Defendant states that it produced over 1,000 pages

of documents identified in these initial disclosures.  Response, at 2.  Defendant further

states it replied to Plaintiff's requests for production in October 2014 and provided an

---

[1]     Plaintiff asserts that the discovery deadline is February 20, 2015 and includes with his
        Reply a motion for the Court to "correct" the docket control order. *See* Reply, at 1-2.
        Plaintiff appears to have been confused by a clerk's error on the docket sheet that
        states the discovery deadline is February 20, 2015.  The Docket Control Order [Doc.
        # 13], which is the controlling document, clearly states that the discovery deadline is
        January 26, 2015.  Plaintiff argues "[t]he [C]ourt's transcript of the July 14, 2014,
        hearing can clearly resolve this issue." Reply, at 1.  The Court agrees.  At the July 14,
        2014 hearing, the Court unequivocally stated that the discovery deadline was January
        26, 2015.  Moreover, Plaintiff should have been aware of the January 26, 2015
        discovery deadline, as it was requested and agreed to by the parties in their Joint
        Discovery/Case Management Plan Under Rule 26(F) Federal Rules of Civil Procedure
        [Doc. # 20].  Any ambiguity created by the docket sheet is easily resolved by referring
        to the Docket Control Order and hearing transcript.  Plaintiff's motion to correct the
        docket control order, *see* Reply, at 1-2, is **denied**.  However, the Court directs the
        Deputy Clerk of a Court to correct the docket sheet that summarizes the Docket
        Control Order.

additional 200 pages of documents in response to Plaintiff's production request.  *Id.*, at 3.  Plaintiff did not provide initial disclosures until September 25, 2014.  *See* Plaintiff's Initial Disclosures [Doc. # 27-2], at ECF pages 4-8.  Plaintiff failed to timely reply to Defendant's interrogatories and production requests and to Defendant's notice of deposition.  *See* Letter dated Jan. 9, 2015 [Doc. # 19].

On January 15, 2015, the Court set a discovery hearing to address Plaintiff's lack of participation in the discovery process.  *See* Order dated Jan. 15, 2015 [Doc. # 22].  The hearing was canceled by agreement of the parties after Plaintiff responded to Defendant's discovery requests and agreed to a deposition date.  *See* Response, at 4.  By agreement of the parties, Plaintiff was deposed on January 27, 2015.  *Id.*; Motion to Modify, at 2.  The parties also agreed to take the deposition of Defendant's corporate representative under Federal Rule of Civil Procedure 30(b)(6) on January 30, 2015.  *See* Notice of Deposition and Subpoena Duces Tecum of Mrs. Kimberly Swinkle [Doc. # 27-4], at ECF pages 3-7; Response, at 4.  However, it appears that this deposition was canceled after Defendant objected to Plaintiff's "subpoena duces tecum" served with the notice of deposition.  *See* Response, at 4; Letter from Eugene Boyle dated Jan. 26, 2015 [Doc. # 27-4].  On January 28, 2015, Plaintiff filed the instant, opposed motion requesting an extension of the discovery deadline until May 20, 2015.  Motion to Modify, at 3.

## II.    ANALYSIS

### A.    Plaintiff's Request to Extend Discovery to May 20, 2015

Plaintiff requests "the discovery deadline be moved to May 20, 2015" to allow for additional time to "complete depositions of the Rule 30(b)(6) Corporate Representative and to review the documents responsive to the subpoena deuces tecum, conduct deposition of fact witnesses, written discovery, and to file motions." Motion to Modify, at 3. Plaintiff's Reply clarifies that he "is not seeking to conduct wide-ranging discovery," but primarily seeks to depose Defendant's corporate representative and the "Store Manager of Crate & Barrel's Highland Village Location." *See* Reply, at 2-3.

Under Rule 16(b) of the Federal Rules of Civil Procedure, "once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). "A district court has 'broad discretion to preserve the integrity and purpose of the pretrial order.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel. Co.*, 346 F.3d at 547). To

determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon Fin. Ins., Inc.*, 591 F.3d at 470; (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

Considering these factors, Plaintiff has entirely failed to show that good cause exists for a four month extension to conduct additional, unlimited discovery. Plaintiff's request to extend discovery until May 20, 2015 is not timely filed. Plaintiff waited until two days after the discovery deadline to file his request, and gave no prior indication to the Court that he would be unable to meet the discovery deadline. Plaintiff's counsel asserts that deadlines in other cases prevented her from completing discovery in this case. Motion to Modify, at 2. She further maintains that poor weather conditions prevented her from attending the deposition in Chicago on January 30, 2015. *Id.*, at 2; Reply, at 2. Plaintiff's counsel, however, waited until the last minute to schedule the deposition, and does not provide any actual evidence that she was unable to travel to Chicago. Plaintiff provides no meaningful explanation for why he failed to conduct discovery or seek a deadline extension sooner, and thus his

request is not timely filed.

Furthermore, Plaintiff has failed to specify what additional discovery he intends to conduct beyond the deposition of Defendant's corporate representative and his store manager. *See* Reply, at 3. Plaintiff's requests for any additional discovery beyond these depositions are too vague for the Court to determine their importance. Extending discovery this late in the proceedings based on Plaintiff's broad and vague requests would impose an undue burden on Defendant, increase litigation costs, and prejudice Defendant.

Finally, a continuance is not available to cure the prejudice to Defendant. Docket call is currently set for May 28, 2015, and Plaintiff's request for a four-month extension would require the Court to substantially delay the proceedings. In sum, Plaintiff failed to diligently pursue this case and has not shown good cause exists for generally extending the discovery deadline to May 20, 2015. Plaintiff's general request for a four-month discovery extension is denied.

**B.    Deposition of Defendant's Rule 30(b)(6) Corporate Representative and Plaintiff's Store Manager**

While good cause does not exist for a four month extension of all discovery, a short extension of the discovery deadline will be granted to in the interests of justice allow Plaintiff additional time to depose Defendant's Rule 30(b)(6) corporate

representative and the store manager who supervised Plaintiff.[2]  Plaintiff attempted

to schedule the Rule 30(b)(6) deposition before the close of discovery.  Plaintiff also

requested an extension shortly after it became apparent that this deposition was not

going to proceed as scheduled.  In this limited regard, Plaintiff's request can be

considered timely filed.  Moreover, these two depositions are important.  Allowing

Plaintiff additional time to depose Defendant's corporate representative and his store

manager will enable the parties to develop a more complete record in this case and

will assist the Court in resolving the matter.  Finally, these two depositions are not

overly burdensome to Defendant, and a limited continuance will address any potential

prejudice to Defendant.  The amended schedule the Court now issues will extend

docket call by one month.  The Court, accordingly, **extends** the discovery deadline

until **March 30, 2015** for the limited purpose of allowing Plaintiff time to depose

Defendant's Rule 30(b)(6) corporate representative and the single store manager to

whom Plaintiff refers in his Reply at pages 2 and 3.

---

[2]     Plaintiff's briefing does not identify the name of the "Store Manager" that he intends
to depose.  Plaintiff's Complaint contains specific allegations about a "regional sales
manager, Ms. LouAnn Bates" and his "female counterparts [sic], Lori La France."
Complaint, ¶¶ 9, 11.  Defendant's Rule 26(a)(1) Initial Disclosures [Doc. # 27-1] list
Amy Bakos as a "Store Manager," in addition to several sales managers, a general
manager, and two area managers.  Plaintiff may not treat this discovery extension as
an opportunity to depose any and all managers.  The Court is granting Plaintiff a
discovery extension to allow Plaintiff to depose a single store manager who
supervised him.

Plaintiff will be required to serve new notices of deposition for Defendant's

Rule 30(b)(6) corporate representative and his store manager.  The parties' dispute

regarding whether Plaintiff's first notice of deposition for the Rule 30(b)(6) corporate

representative, *see* Notice of Deposition and Subpoena Duces Tecum of Mrs.

Kimberly Swinkle [Doc. # 27-4], at ECF pages 3-7, complies with the Federal Rules

of Civil Procedure is now moot.  It is too late for Plaintiff to request documents

pursuant to Federal Rule of Civil Procedure 34.  The Court extends discovery for the

limited purpose of allowing Plaintiff to depose Defendant's corporate representative

and his "store manager."  To the extent Plaintiff intends to serve another Rule 45

subpoena duces tecum, it must be a request for documents that are "few and simple,

and closely related to the oral examination."  Advisory Committee's Notes to 1970

amendments to FED. R. CIV. P. 30(b)(5), now codified as FED. R. CIV. P. 30(b)(2).  "It

is well established that a party may not use Rule 45 subpoenas duces tecum or Rule

34 requests for productions to circumvent a discovery deadline."  *Hernandez v. City*

*of Corpus Christi*, Civ. Action No. C-10-186, 2011 WL 2194254, at \*1 (S.D. Tex.

June 6, 2011) (Jack, J.) (and cases cited therein).[3]

Further, both parties must supplement their initial disclosures by the close of

the extended discovery deadline.  Any documents not disclosed during discovery will

---

[3] If Plaintiff serves a subpoena duces tecum, Defendant may refer Plaintiff to specific documents previously produced or may reproduce the documents.

not be considered admissible on summary judgment or at trial of this case.

### C.    **Leave to Amend the Pleadings**

Plaintiff also asserts he "will seek leave to amend the complaint to comport with corrections made at Plaintiff's depositions." Reply, at 3. Plaintiff supplies no proposed pleadings, gives no indication of what amendments he seeks, and first raised this issue in his Reply. Thus, his request for leave to amend the pleadings is not properly before the Court, and the Court does not reach it here.

Nonetheless, the Court notes that Plaintiff will have difficulty proving good cause exists to amend the pleadings this late in the proceedings. The October 13, 2014 deadline for amendments to pleadings, a deadline to which the parties agreed, expired more than three months ago. *See* Docket Control Order [Doc. # 13]. The Court warned Plaintiff at the July 14, 2014 initial conference that he must file a request before the October 13, 2014 deadline if he sought to extend the amendments deadline for pleadings. Plaintiff instead chose not even to attempt to complete discovery until January 2015. Given the record presented, Plaintiff is unlikely to be able to advance any successful argument as to how a request to amend the pleadings is timely. Moreover, amending the pleadings this late in the proceedings will likely require extension of all other deadlines. For reasons explained above, such extensions will prejudice Defendant and delay proceedings.

## III.   CONCLUSION AND ORDER

For the reasons explained herein, the Court concludes that good cause exists to extend discovery for a short period of time to allow Plaintiff to depose Defendant's Federal Rule of Civil Procedure 30(b)(6) corporate representative and the single store manager who supervised Plaintiff, as indicated in Plaintiff's Reply at pages 2 and 3. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Modify [Doc. # 25] is **GRANTED** to the limited extend explained herein.  It is further

**ORDERED** that Plaintiff must timely serve Defendant with new notices of deposition in compliance with Rule 30(b) of the Federal Rules of Civil Procedure.  It is further

**ORDERED** that Defendant must notify the Court in writing of any objections to the new notices of deposition within seven (7) days of receiving the notices.  It is further

**ORDERED** that, as stated at the initial conference, the parties are required to supplement their initial disclosures before the close of the new discovery deadline. Finally, it is

**ORDERED** that the docket control deadlines are extended as follows:

Deadline for Above-Described Discovery:          **March 30, 2015**

Dispositive Motions Deadline:                     **April 6, 2015**

All Other Pretrial Motions:                          **April 6, 2015**

Joint Pretrial Order:                                    **June 22, 2015**

Docket Call:                                              **June 29, 2015 (10:00 a.m.)**

SIGNED at Houston, Texas, this **18**th day of **February, 2015.**

_____
Nancy F. Atlas
United States District Judge